PEARSON, TILLMAN, Judge.
The Security Trust Company is the executor of the last will and testament of Emma R. Baker, deceased. It was sued as executor by J. Emmett Grant upon a demand note for $25,000 which provided for interest and attorney’s fees. The executor filed an answer in which it denied the execution of the note and averred that the note “as executed and delivered by the decedent, was without consideration paid or given therefor.” A non-jury trial resulted in a final judgment for the plaintiff. The executor appeals this judgment.
We find that the primary question on this appeal concerns the applicability of the Dead Man’s Statute, § 90.05, Fla.Stat., F.S. A.[1] The circumstances for the ruling upon the applicability of the statute arose from the testimony of Roscoe M. Brunstetter, an attorney at law, who was the attorney for *807 the plaintiff, Grant, at the time of the filing of the complaint upon the note.
J. Emmett Grant, the plaintiff, was the nephew of the deceased, Emma R. Baker. He testified that in 1942 he came to Miami upon the promise that they would be “equal partners in everything.” Thereafter, she failed to make any provision for payments to him, but she occasionally made advances to him for living expenses. In 1951 the deceased made and delivered to him the demand note for $25,000 which is the subject of this suit. Plaintiff further testified that upon request by his aunt, he agreed not to demand payment until she died or was incapacitated.
Emma R. Baker died November 18, 1960. On June 12, 1961, Grant brought his complaint claiming principal, interest and attorney’s fees. On this complaint the firm of Brunstetter, Netter and Kolodgy, attorneys at law, signed as attorneys for the plaintiff. The complaint included an allegation as follows:
“* * * The aforesaid promissory note provides for the payment of reasonable attorney’s fees in the event said note is collected upon demand of an attorney, and by reason thereof the defendant became and is obligated to pay attorney’s fees.
“4. Plaintiff has retained the law firm of BRUNSTETTER, NETTER & KOLODGY to file this suit and prosecute the same to judgment and has agreed to pay said attorneys such reasonable sum for their services as the court finds and allows as a reasonable fee for their services in this matter.”
Approximately eight months after the filing of the complaint and subsequent to the filing of the answer, there was filed in the cause an “Order Authorizing Withdrawal of Counsel and Entry of Appear-anee of New Counsel for Plaintiff.” This order recites that it is based upon the motion of Brunstetter, Netter, Popper & Kol-odgy, attorneys for J. Emmett Grant, for permission to withdraw as counsel for the plaintiff; but the motion is not made a part of this record. The order reads as follows :
“THIS MATTER being presented to the Court on motion of BRUN-STETTER, NETTER, POPPER & KOLODGY, attorneys for J. EMMETT GRANT, for permission to withdraw as counsel for the plaintiff, and to authorize the appearance of GARLAND M. BUDD as counsel for the Plaintiff in lieu of said firm, and it appearing to the Court that said motion is based upon the written request of the Plaintiff, which written request is attached to the motion, and that the motion ought to be granted, it is, therefore,
“ORDERED, ADJUDGED AND DECREED as follows:
“(1) That the Court does hereby approve the withdrawal of the firm of BRUNSTETTER, NETTER, POPPER & KOLODGY as attorneys for the Plaintiff, J. EMMETT GRANT in the above entitled Cause.
“(2) The Court approves the entry of appearance as attorney for the Plaintiff of GARLAND M. BUDD, a member of the Bar of this Court.”
At the trial of the cause, the plaintiff called Roscoe Brunstetter of the firm of Brunstetter, Netter, Popper & Kolodgy. In his testimony, Mr. Brunstetter identified documents containing the signature of the deceased. In addition, he was asked about a conversation he had with the deceased concerning the note. It appears from the testimony thereafter given [2] that the testimony sought to be elicited at this point in *808 the examination was for the purpose of relating an acknowledgement by Emma R. Baker, the deceased, that the signature on the note was her own. At the beginning of the examination on this subject, the defendant objected upon the ground that the testimony of Mr. Brunstetter as to the •conversation with the deceased was barred by the Dead Man’s Statute because he is a. witness having an interest in the event of the action.
We thus are presented with the question of whether an attorney who certifies in the complaint that the plaintiff has agreed to pay him as a fee for his services in connection with the collection of a note “such reasonable sum * * * as the court finds * * *» and wffo thereafter is relieved from the prosecution of the suit by agreement with his client, is within the provision of the applicable statute a “ * * * person interested in the event. * * * ”
It is established in Florida that under ordinary circumstances an attorney who has been the attorney of the plaintiff is not precluded from testifying, except as to such facts as came to his knowledge by means of his confidential relationship with his client. Parker v. Priestley, Fla.1949, 39 So.2d 210. The last cited case further is authority for the holding that for an attorney to be precluded from testifying under § 90.05, Fla.Stat., F.S.A., it must be made to appear that the attorney is “interested in the event” of the action.[3] Therefore, if Mr. Brunstetter is found to have a disqualifying interest, it must be based upon the fee which is claimed in the complaint.
Appellant contends that upon withdrawal, Mr. Brunstetter and his firm became entitled to a fee for the proportionate part of the work of prosecuting the suit which they had performed up to the time of removal. The appellee, upon the other hand, contends that upon termination of the employment of Mr. Brunstetter’s firm, he was entitled to be compensated only for the reasonable value of the services for his former client.
It should be noted that we must here deal with the operation of the law upon the attorney’s right to a fee without regard to a new contract in the nature of a novation which would in many cases follow a mutual agreement for withdrawal. If such a novation existed in the attorney’s fee contract in this case, it was not brought out on the record.
Appellant strongly urges that it was unnecessary for it to go further and question the witness as to the nature of his interest because such an interest had been estab *809 lished when Mr. Brunstetter testified that he was originally counsel in the case pending and had “a fee in the case”.
We must examine the record to see what was the nature of the fee that Mr. Brunstetter testified that he had in the case. In this connection the contention of the appellant appears to be that since the complaint shows that Mr. Brunstetter’s fee was to be only “such reasonable sum for their services as the court finds and allows”, and no fee would be allowed unless judgment were to be entered on the note, then the fee must be presumed to be contingent upon the outcome of the suit. To this extent we agree with the appellant.
The next step in this reasoning of the appellant is that because the appellee did not show a change in the character of the fee, that we must presume that it was still contingent at the time of the testimony. With this step we cannot agree. A state of circumstances which will disqualify a witness may not be assumed, but must appear on the record. See 2 Wigmore on Evidence § 584 (3rd ed. 1940).
When an attorney’s representation of a client in a matter before the courts is terminated, we presume that his compensation will be upon a quantum meruit basis. See Winn v. City of Cocoa, Fla.1954, 75 So.2d 909. Even if this were not true, there is no presumption that the original contingent fee arrangement survived the termination of the attorney-client relationship. We hold, therefore, that the appellant did not demonstrate in the record that the witness Brunstetter had an “interest in the event” of the action. See Parker v. Priestley, Fla.1949, 39 So.2d 210.
The appellant has presented two additional points each going to the legal effect of the evidence. We have examined the points and the authorities cited and hold that error has not been demonstrated.
Affirmed.
CARROLL, J., dissents.

. Florida Statutes, F.S.A.:
“90.05 Witnesses; as affected by interest
“No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of Iiis interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence.”

. The record contains the following:
“Q. Did he then produce the note?
“A. He produced the note.
“That afternoon we were having a directors’ meeting in my office. Miss Baker was there and I told her—
“MR. HIRSCH: I object.
“MR. BUDD: I do not see what the basis is for the objection of a conversa *808 tion between this witness and the decedent. He is not a claimant against the estate.
“THE COURT: What is the ground for the objection?
"MR. HIRSCH: The objection is the Dead Man’s Statute, Your Honor.
“I would like to ask a couple of qualifying questions at this point.
“THE COURT: Proceed.
“MR. HIRSCH: Mr. Brunstetter, you were originally Counsel in this very case pending before His Honor this morning, were you not?
“THE WITNESS: Yes.
“Mr. HIRSCH: Do you have a fee in this case?
“THE WITNESS: I have.
“MR. HIRSCH: I object.
“THE COURT: Overruled. Proceed.
* ::: * *
“THE COURT: The testimony at this point is that Mr. Brunstetter would have an interest in the fee in the event the plaintiff recovers. The fee that may or may not be allowable is not a part of the controversy between the deceased person about which this witness is being interrogated. The objection is overruled.”

. The test of the interest of a witness under § 90.05 Fla.Stat., F.S.A., has been laid down as follows:
“The true test of the interest of a witness is that he will gain either or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be present, certain, and vested interest, and not an interest uncertain, remote, or contingent.” Adams v. Board of Trustees, 37 Fla. 206, 20 So. 206.