933 So.2d 1231 (2006)
EXPERT INSTALLATION SERVICE, INC., Petitioner,
v.
Patricia FUERTE, Hammocks Manor Homes, Inc., Pool Tech of Miami, Inc., Robico Shutters, Inc., and F.D.I. Builders, Inc., Respondents.
No. 3D05-2607.
District Court of Appeal of Florida, Third District.
July 19, 2006.
*1232 Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Warren B. Kwavnick, Ft. Lauderdale, for petitioner.
Guillermo F. Mascaro, Coral Gables; Sinclair, Louis, Heath, Nussbaum & Zavertnik and John L. Zavertnik, Miami, for respondents.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
COPE, C.J.
Expert Installation Service, Inc. ("Expert") petitions for a writ of certiorari to quash an order granting Patricia Fuerte's ("Fuerte") motion for protective order prohibiting petitioner from taking her deposition. We grant the petition and quash the trial court's protective order.
Fuerte is a plaintiff in a personal injury lawsuit against several defendants, including Expert. Fuerte purchased hurricane shutters for her home. She claims the hurricane shutters were delivered and stored in her garage in a negligent manner. The shutters fell on her, resulting in injury.
Fuerte's deposition was begun on March 1, 2004 and completed on August 20, 2004. However, Expert was not a party to the lawsuit until March of 2005 when Robico Shutters, Inc. filed a Fourth Party Complaint against petitioner for contribution and indemnity. More importantly, Fuerte then filed a Second Amended Complaint adding petitioner as a defendant.
Expert filed a notice of taking Fuerte's deposition. Fuerte filed a motion for protective order arguing that her deposition had already been taken for over seven hours so that it was unlikely petitioner would have any new questions and, if so, those could be asked by written interrogatories. In addition, Fuerte argued that Expert and Robico Shutters, Inc., a defendant in the case at the time of her deposition and who was represented at the deposition, share common ownership because they share the same principal, their offices are in the same location, and several employees have worked for both companies. Although the two corporations are under common ownership, they are separate corporations and represented by separate counsel in this lawsuit.
*1233 The trial court granted the protective order, and this petition for certiorari follows.
"[A]n order denying discovery is not ordinarily reviewable by certiorari.. . ." Medero v. Florida Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995) (citation omitted). However, this court has recognized that an order which has the effect of denying a party the right to depose an alleged material witness inflicts the type of harm that cannot be corrected on appeal. Id. Oral depositions are considered essential by most trial attorneys. Beekie v. Morgan, 751 So.2d 694, 697 (Fla. 5th DCA 2000). Here, Fuerte chose to add Expert as a defendant and Expert should not be denied the opportunity to take the deposition of Fuerte who is undoubtedly a material witness.
The cases relied upon by Fuerte are readily distinguishable. The decision in Cricket Club, Inc. v. Basso, 384 So.2d 908 (Fla. 3d DCA 1980), involved the trial court's discretion in denying a request to depose a plaintiff where default had been entered against defendant, plaintiff had submitted to a compulsory physical examination, and discovery on damages was propounded through written interrogatories. The present case is not a default case. In American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990) there was no abuse of discretion in granting a protective order where a defendant attended two depositions, failed to ask any questions, and later sought to depose the same witnesses. That is not the situation here.
We conclude that the trial court departed from the essential requirements of law and quash the order now before us.
Petition granted.