941 So.2d 526 (2006)
Maria J. SOMARRIBA and Yasel Diaz, Petitioners,
v.
Javed S. ALI and Isaac A. Velazquez, Respondents.
No. 3D06-2154.
District Court of Appeal of Florida, Third District.
November 8, 2006.
*527 Bailey & Dawes, Coconut Grove, and Guy B. Bailey, Jr., and Cheryl Riess, for petitioners.
Luis E. Ordonez, Miami, and Emomotimi S. Brisibe; and Isaac A. Velazquez, Coral Gables, for respondents.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
Petitioner, Maria J. Somarriba ("Somarriba"), seeks a writ of certiorari quashing an order granting Isaac A. Velazquez's ("Velazquez") motion for a protective order barring Somarriba from taking his deposition. Respondents Javed Ali ("Ali") and Velazquez were ordered to respond to the petition, but declined to do so. We grant the petition and quash the order.
Somarriba is the plaintiff in a personal injury lawsuit against defendant Ali, involving a motor vehicle collision in August 2003, which allegedly caused Somarriba to suffer cervical and lumbosacral spinal trauma. A significant part of Ali's defense in the lawsuit is that a prior automobile accident in March 2000 ("the 2000 accident") actually caused Somarriba's injuries.
In order to rebut Ali's defense, Somarriba subpoenaed Velazquez, the attorney who represented her in the lawsuit concerning the 2000 accident. Somarriba sought to depose Velazquez regarding the facts and circumstances surrounding her injuries in the 2000 accident. However, Velazquez moved for a protective order in response to the subpoena, arguing that he had no recollection and, therefore, was incompetent to testify. Subsequently, the trial court granted Velazquez's motion for a protective order and this petition for certiorari follows.
"An order denying discovery is not ordinarily reviewable by certiorari. . . ." Expert Installation Serv., Inc. v. Fuerte, 933 So.2d 1231, 1233 (Fla. 3d DCA 2006) (quoting Medero v. Fla. Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995)). However, we have found that an order prohibiting the taking of a material witness' deposition inflicts the type of harm that can not be remedied on final appeal. See, e.g., Expert Installation, 933 So.2d at 1233; Medero, 658 So.2d at 567; Criswell v. Best W. Int'l, Inc., 636 So.2d 562, 563 (Fla. 3d DCA 1994)(finding that the order denying discovery could not be adequately reviewed on final appeal because it would be impossible to know how the information elicited would have affected the outcome of the case). Most recently, in Expert Installation, we reaffirmed the importance of taking oral testimony and found that the trial court erred in granting a protective order prohibiting the taking of a material witness' deposition. Expert Installation, 933 So.2d at 1233.
Here, we find no recognized ground for prohibiting Somarriba from deposing Velazquez[1] and, in not responding *528 to the instant petition, respondents have failed to offer any. Velazquez's testimony may be critical to rebut the disputed cause of Somarriba's injuries. Additionally, on final appeal it would be difficult for us to determine how his testimony would have affected the outcome of this case. Accordingly, we conclude that the trial court departed from the essential requirements of law and quash the order before us.
Certiorari granted.
NOTES
[1] Notably, it is well-settled that the fact that a person is a lawyer does not necessarily disqualify him as a witness. See Hoyas v. State, 456 So.2d 1225 (Fla. 3d DCA 1984); Sec. Trust Co. v. Grant, 155 So.2d 805 (Fla. 3d DCA 1963). Here, Velazquez can testify as to matters regarding Somarriba's injuries in the 2000 accident because Somarriba voluntarily waived the attorney client privilege. See Hoyas, 456 So.2d at 1228.