PER CURIAM.
Petitioner, J. John Marshall (“Marshall”), seeks a writ of certiorari quashing an order granting Buttonwood Bay Condominium Association, Inc.’s (“Association”) motion for a protective order barring Marshall from deposing the Association’s Corporate Representative, Board President, and Property Manager (collectively, the “Association’s representatives”). For the reasons discussed below, we grant the petition and quash the trial court’s protective order.
Pursuant to section 718.116, Florida Statutes (2010), the Association filed an action against Marshall to foreclose two claims of lien for condominium association assessments. Marshall denied owing the Association any monies, and further claimed that the assessments were not properly approved by the condominium Board of Directors and were therefore invalid. Marshall also claimed that the Association was wrongfully charging the owners for “expenses” the Association was not entitled to collect.
As part of his defense, Marshall sought to depose the Association’s representatives. The Association filed a Motion for Protective Order, claiming that counsel for Marshall deposed these persons in another pending action[1] and therefore Marshall should not be permitted to depose any Association representative. The trial court granted the Association’s motion for a protective order and this petition for certiorari followed.
‘While an order denying discovery is not ordinarily reviewable by certiorari, certiorari review of orders denying discovery has been granted where it was found *903 that the injury caused by the order was irreparable.” Medero v. Fla. Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995). This Court repeatedly has found that an order prohibiting the taking of a material witness’s deposition inflicts the type of harm that cannot be remedied on final appeal. See, e.g., Somarriba v. Ali, 941 So.2d 526 (Fla. 3d DCA 2006); Expert Installation Serv., Inc. v. Fuerte, 933 So.2d 1231 (Fla. 3d DCA 2006); Medero, 658 So.2d 566; Criswell v. Best W. In’l, Inc., 636 So.2d 562 (Fla. 3d DCA 1994); see also Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000). Accordingly, this Court has jurisdiction to issue the writ because denying Marshall the opportunity to question the Association’s representatives would cause him irreparable injury that could not be remedied on appeal. See Ruiz v. Steiner, 599 So.2d 196, 198 (Fla. 3d DCA 1992).
“The trial court has the right to deny discovery upon a showing of good cause, e.g. abusive, cumulative depositions of corporate executives, under Florida Rule of Civil Procedure 1.280.” Medero, 658 So.2d at 567. We find that the order under review departs from the essential requirements of law because the trial court made no finding of good cause to preclude these particular depositions.
Additionally, we find without merit the Association’s argument that these depositions would be cumulative because counsel for Marshall deposed the Association’s representatives in another pending action. Although some of the issues raised by Marshall in this action are the same as those raised in the other pending action, Marshall also raises distinct issues in this case[2] and, more importantly, is not a party to the other pending action.
Accordingly, we conclude that the trial court departed from the essential requirements of law, grant the petition for cer-tiorari and quash the trial court’s order barring Marshall from deposing the Association’s representatives.
Petition for Writ of Certiorari GRANTED; cause remanded.

. The other pending action referred to by the Association is the following action: Richard Mead, et al. v. Buttonwood Bay Condominium Ass’n, which is presently pending in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, (Case No. 10-CA-263-P).

. The trial court recognized as much when it granted the Association's Motion to Bifurcate, ordering that trial would be only as to delinquent assessments relating to the Association’s regular monthly assessments, and staying all issues relating to special assessments pending the results of Richard Mead, et al. v. Buttonwood Bay Condominium Ass’n.