# Third District Court of Appeal

## State of Florida

Opinion filed September 9, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2858
Lower Tribunal No. 12-7309
_____


**Publix Super Markets, Inc.,**
Petitioner,

vs.

**Luz Hernandez,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Weiss Serota Helfman Cole Bierman & Popok, P.L., and Edward G. Guedes and Laura K. Wendell, for petitioner.

Wasson & Associates, Chartered, and Roy D. Wasson and Erin Newell, for respondent.


Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Publix Super Markets, Inc., seeks certiorari review of the trial court's order sustaining Luz Hernandez's objections to Publix's third-party subpoenas duces tecum. We grant the petition and quash the trial court's order.

Ms. Hernandez sued Publix for personal injuries she sustained as a result of a slip and fall accident at a Publix supermarket. Included in the claim are past and future medical expenses. Ms. Hernandez was treated by a physician at Performance Orthopedics & Neurosurgery ("Performance"), which later became known as Calhoun Orthopedics & Neurosurgery ("Calhoun"). The physician performed spinal surgery on her at Palm Springs General Hospital ("the Hospital"). During the course of discovery in the underlying case, Publix obtained two conflicting invoices for Ms. Hernandez's hospital care.

One hospital invoice indicated that the total hospital bill was $18,708.70 and was paid in full by a payment of $6,490 from an entity identified as "Performance Orthopedics." A second hospital invoice indicated that the total hospital bill was $54,233.22 and was paid in full by a payment of $12,384.00 from an entity identified as "Peachtree Funding." At a deposition, the Hospital's billing supervisor testified that the $18,708.70 invoice and the $54,233.22 invoice were for the same services. She testified that the $18,708.70 invoice was the correct one, but could not explain how or why the $54,233.22 invoice was generated. Following the deposition, Publix issued two subpoenas duces tecum for deposition

2

to the records custodians at Performance and Calhoun. The subpoenas requested documents pertaining to dealings with various Peachtree entities relating to the medical treatment of Ms. Hernandez. In response, Ms. Hernandez filed objections arguing, in pertinent part, that the subpoenas were "not calculated to lead to the discovery of admissible evidence." Neither Calhoun nor Performance filed objections. Following a hearing, the trial court sustained the objections and Publix filed its petition.

Common law certiorari is an extraordinary remedy. For this reason, "[c]ertiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal." Giacalone v. Helen Ellis Mem. Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009). Nonetheless, "an order denying discovery will be reviewed by petition for writ of certiorari when the order will cause irreparable harm." Criswell v. Best Western Int'l, Inc., 636 So. 2d 562, 563 (Fla. 3d DCA 1994); see also Somarriba v. Ali, 941 So. 2d 526, 527 (Fla. 3d DCA 2006) ("An order denying discovery is not ordinarily reviewable by certiorari. However, we have found that an order prohibiting the taking of a material witness' deposition inflicts the type of harm that cannot be remedied on final appeal.") (internal quotation and citation omitted); Power Plant Entm't, LLC v. Trump Hotels & Casino Resorts Dev. Co., 958 So. 2d 565, 566 (Fla. 4th DCA 2007) ("We have now concluded that we should take this opportunity to recede

3

from the cases indicating we have a hard and fast rule against reviewing orders denying discovery, and join our sister courts which have occasionally, but not routinely, granted review.").

We believe this narrow exception applies here. The discovery concerns the evidence the opposing party intends to use to establish an essential element of its cause of action. The evidence constitutes a major part of the proof of that element. Prior discovery has cast a shadow of fraud over that evidence, calling into question its integrity in a substantial way. In light of the massive contradictions between the two hospital bills, which remain inexplicable even after the deposition of the Hospital's billing supervisor, Publix's ability to defend against the damages element of Ms. Hernandez's cause of action would be eviscerated without basic, narrowly drawn discovery to test what figure, if any, reflects Ms. Hernandez's reasonable surgery bills. In the case before us, "there is no substitute for the information [Publix] seeks." Criswell, 636 So. 2d at 563. As such, given the unusual facts of this case, we grant the petition, quash the trial court's order, and remand for further proceedings consistent with this opinion.

Order quashed and petition granted.

4