# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2655
Lower Tribunal No. 16-19802
_____


**Michael Foster, etc.,**
Petitioner,

vs.

**Bank of America, N.A., et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Dunn Law, P.A., and Alexis S. Read and Michael P. Dunn, for petitioner.

Liebler, Gonzalez & Portuondo, and Andrew L. Portuondo, for respondent Bank of America, N.A..

Before SALTER, FERNANDEZ and SCALES, JJ.

SCALES, J.

Petitioner and plaintiff below, Michael Foster, as trustee of the Theodore and Beatrice Foster Irrevocable Intervivos Insurance Trust ("Foster"), seeks certiorari review of an October 28, 2016 trial court order denying Foster's motion to compel Bank of America ("BOA"), Respondent and defendant below, to produce certain bank records related to an allegedly stolen check. Because the bank records that are sought are highly probative and plainly relevant to Foster's allegations, we grant the petition and quash the challenged discovery order.

**I. Facts**

In March of 2016, Foster's insurance company issued a check made payable to Foster in the amount of $123,038.64. The check was mailed to property owned by Foster, but rented to, and occupied by, defendants Benjamin J. Borsani and Rajmonda Bycmeti. Foster alleges that Borsani and Bycmeti intercepted the check, caused the check to be endorsed by Borsani and Bycmeti's company (co-defendant Bed Cloud, LLC), and deposited the check into a BOA account owned by Bed Cloud.

In August of 2016, Foster filed a multi-count complaint against Borsani, Bycmeti, Bed Cloud, and BOA. In addition to asserting counts for civil theft and conversion, Foster's complaint seeks to impose a constructive trust on assets of the defendants which are traceable from the alleged theft. Additionally, Foster asserts a negligence claim against BOA alleging that BOA improperly negotiated the

2

check. Foster's complaint attaches a copy of the check as an exhibit. While "Theodore & Beatrice Foster Irrev Life Ins Trust" is identified as the check's sole payee, the back of the check contains Bed Cloud's single, stamped endorsement, referencing an account at BOA.

After the Bank was served with Foster's complaint, Foster served a request for production on BOA that sought: (i) all surveillance footage and digital images relating to or depicting the deposit of the check; (ii) all transactions related to the check; and (iii) all unprivileged communications between BOA and anyone else related to the check.

BOA filed an objection to Foster's production request, citing section 655.059(1)(e) of the Florida Statutes, which requires a financial institution to keep all of its books and records confidential unless otherwise compelled by a court of competent jurisdiction. Foster responded to BOA's objection by filing a motion to compel. Foster's motion to compel argues, among other things, that the records sought – related to the allegedly stolen and wrongfully endorsed check – are highly probative and relevant to the issues in the case as framed by Foster's complaint.

The trial court conducted a hearing on the discovery issue,[1] and entered the challenged order. The trial court's order required BOA to produce the information sought in Request No. 1 (i.e., the surveillance footage and digital images relating

---

[1] There is no transcript for this hearing.

to the check), but denied Foster's motion as it related to Request Nos. 2 and 3. The trial court's order states that Foster "has not made an adequate showing of necessity which outweighs the countervailing interests of [BOA] in maintaining the confidentiality of the documents and information sought by [Foster] . . . ."

Foster seeks certiorari relief from this order. We grant Foster's petition and quash the trial court's order.

## II. Analysis

Certiorari relief is appropriate only when the petitioner establishes that the trial court departed from the essential requirements of law, which results in a material injury for the remainder of the case, and which cannot be remedied on appeal. Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enters. LLC, 99 So. 3d 450, 454 (Fla. 2012); Rousso v. Hannon, 146 So. 3d 66, 69 (Fla. 3d DCA 2014). A trial court departs from the essential requirements of law and causes irreparable harm when it denies a party discovery to establish the elements necessary to prove that party's case. Publix Super Mkts., Inc. v. Hernandez, 176 So. 3d 350, 351-52 (Fla. 3d DCA 2015).

While a party's financial records are generally not subject to pre-judgment disclosure, such financial records, if relevant to the disputed issues of the underlying action, are fully discoverable. Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003); Epstein v. Epstein, 519 So. 2d 1042, 1043

(Fla. 3d DCA 1988). Courts will compel the production of such records if they are shown by the requesting party to be relevant to the pending action. Bd. of Trs. of the Internal Improvement Tr. Fund, 99 So. 3d at 458.

Foster alleged that a party stole a check, endorsed this stolen check, and that another party – BOA – wrongfully paid this check based on the endorsement; thus, the information and documents related to this check's journey through BOA and the financial system are highly relevant to the causes of action alleged by Foster. Additionally, Foster seeks to trace the funds BOA paid from check proceeds to BOA's co-defendants in an effort to have the court impose a constructive trust on those funds. Plainly, Foster is entitled to obtain information and documents related to BOA's allegedly wrongful payment of the check. Without this critical information it would be extremely difficult, if not impossible, for Foster to recover funds that might be due to him as trustee.

We note that BOA's objection to Foster's production request was reasonable and necessary. After all, not only does the subject statute require financial institutions to keep its books and records confidential, but section 655.059(2)(c) of the Florida Statutes actually makes it a felony for any person wrongfully to disclose such confidential information. The confidentiality protections afforded and protected by the statute, however, simply are not implicated in this case. Here, the financial records regarding the check, and the proceeds therefrom, form the

core of the issues in this case as framed by the pleadings. <u>Friedman</u>, 863 So. 2d at 194. We note that, to the extent the trial court has confidentiality concerns, the trial court has the means, such as an in camera inspection, to address any such concerns. <u>Id.</u>

### III. Conclusion

We grant Foster's petition and quash the trial court's October 28, 2016 discovery order.

Petition granted; order quashed.