# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0391
Lower Tribunal No. 13-33229
_____

## Alexander Garcia,
Petitioner,

vs.

## Yellow Cab Company, et al.,
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Kogan Law P.A., and Lyudmila (Lula) Kogan and Rachel L. Miller (Hallandale), for petitioner.

Krupnick Campbell Malone Buser Slama Hancock P.A., and Kelley B. Stewart (Fort Lauderdale); Michael S. Kaufman, for respondents.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LOGUE, C.J.

Alexander Garcia petitions for a writ of certiorari to quash a protective order barring the deposition of Yellow Cab Company's attorney, Michael S.

Kaufman. Because we conclude this case is one of the exceptional circumstances in which certiorari lies to review an order denying discovery, we grant the petition and quash the order.

## BACKGROUND

In 2013, Garcia filed the underlying negligence action seeking to recover damages from defendants Carlos Gallardo and Edward Vitale for injuries he sustained in an automobile accident. Later, Yellow Cab was also named as a defendant. Kaufman represented all three defendants.

In 2022, Yellow Cab settled with Garcia. The trial court accordingly entered a final consent judgment awarding Garcia "one hundred fifty thousand dollars ($150,000.00) together with statutory interest." The judgment acknowledged that "a vehicle under the control of Yellow Cab" caused the accident, adjudicated Garcia would recover the settlement amount from Yellow Cab, and dismissed Gallardo and Vitale from the case. Yellow Cab never paid the consent judgment.

Unable to collect the consent judgment from Yellow Cab, Garcia began post-judgment discovery. He subpoenaed Yellow Cab's corporate representative "with the most knowledge of the business operations and assets of Yellow Cab." The subpoena included a request to produce documents related to the company's assets, including federal and state tax

2

returns, bank statements, canceled checks, applications for credit or loans, financial reports, balance sheets, existing contracts, and documents relating to the insurance and registration of the cab involved in the accident.

In response, Yellow Cab indicated the only responsive records were three public documents from the Florida Department of State's Sunbiz website. Yellow Cab noted that no corporate tax returns were available because the corporation "deals only in cash."

For the deposition of its corporate representative, Yellow Cab produced its president, who had been serving since 2022. The president testified that he reviewed no records prior to the deposition and, indeed, had no idea what the deposition was about, nor could he identify other parties to the matter. The remaining deposition responses proceeded in a similar manner.

The president testified that he had no knowledge regarding any financial or other matters relating to Yellow Cab. When asked who he communicated with concerning Yellow Cab business matters, the president answered: "Nobody." He testified he had no idea if Yellow Cab paid taxes. He testified he knew nothing about lawsuits filed against Yellow Cab. He testified he did not know who made decisions about those lawsuits.

Q. Who owns Yellow Cab?

A. I don't know either.

Q. Who would know?

A. I have no idea.

. . . .

Q. Does Yellow Cab keep any records?

A. I have no idea.

Q. Who would know?

A. I have no idea.

Q. Does Yellow Cab have any accounts?

A. I have no idea.

Q. Who would know?

A. I have no idea.

. . . .

Q. Are you aware that Yellow Cab has to file annual reports as a Florida corporation in order to be active in the State of Florida?

A. If they have to -- if they do I don't know about that.

Q. Who at Yellow Cab directs [its attorney] Mr. Kaufman to file the annual reports?

A. I have no idea.

Q. Who would know?

MR. KAUFMAN: Of course, we object to the question. Attorney-client privilege.

Q. Who would know the answer to that question? I'm not asking who, I'm asking who would know the answer?

4

A. I have no idea.

. . . .

Q. Who pays the annual filing fee for Yellow Cab Company?

A. I have no idea.

Q. Who would know?

A. I have no idea.

. . . .

Q. [W]hy doesn't Yellow Cab Company have an EIN [Internal Revenue Service Employee Information Number] or FEIN [Federal Employee Identification Number] number?

A. I have no idea what that is.

When asked about Kaufman's involvement in Yellow Cab's financial matters, the president, while at times instructed by Kaufman not to answer, testified he knew of no corporate officer who gave Kaufman directions.

The president further testified that Kaufman designated him as the corporate representative for Yellow Cab. He also testified that if he stopped serving as president, Kaufman would be involved in obtaining a new president but that he had no idea whether Kaufman had an interest in Yellow Cab. Ultimately, Garcia suspended the deposition.

Garcia then subpoenaed Kaufman. The subpoena requested his deposition and directed Kaufman to produce documents regarding: (1) his

legal retainer in this case; (2) payments, and source of payments, from or on behalf of Yellow Cab; and (3) payments for his representation in this case. Yellow Cab moved for a protective order and to quash the deposition, which the trial court granted. Garcia timely filed this petition.

## STANDARD OF REVIEW

To grant certiorari relief, there must be: "(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law." Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)).

Because certiorari is an extraordinary remedy, it is "rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal." Publix Super Markets, Inc. v. Hernandez, 176 So. 3d 350, 351 (Fla. 3d DCA 2015) (quoting Giacalone v. Helen Ellis Mem. Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009)). Nevertheless, "an order denying discovery will be reviewed by petition for writ of certiorari when the order will cause irreparable harm." Id. at 351-52 (citations omitted).

## ANALYSIS

Irreparable harm is a jurisdictional requirement, so we address it first. Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) ("Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction."); Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014) ("The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.").

The testimony of Yellow Cab's president indicated that Kaufman may have assumed a decision-making role in the operations of Yellow Cab. Because of Kaufman's material role and the absence of other witnesses or officers, there is no substitute way for Garcia to obtain the information needed to collect his judgment.

In similar circumstances, this Court has found irreparable harm. See 575 Adams, LLC v. Wells Fargo Bank, N.A., 197 So. 3d 1235, 1237 (Fla. 3d DCA 2016) (holding that "an order prohibiting the taking of a material witness's deposition inflicts the type of harm that cannot be remedied on final appeal" (quoting Marshall v. Buttonwood Bay Condo. Ass'n, 118 So. 3d 901, 903 (Fla. 3d DCA 2013))); see also Somarriba v. Ali, 941 So. 2d 526, 527 (Fla. 3d DCA 2006); Giacalone, 8 So. 3d at 1234-35 (explaining relief by writ of certiorari is appropriate "when the requested discovery is relevant or is

7

reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party's claim . . . [because the harm] is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome" (footnote omitted)).

Because we hold Garcia will be irreparably harmed, we turn to whether the trial court departed from the essential requirements of the law. The fact that Kaufman represents Yellow Cab is already public knowledge. The documents Garcia seeks from Kaufman are corporate records that would identify the principals of Yellow Cab, and any assets or accounts used to pay Kaufman. These records are not protected by attorney-client privilege. Millan L. Firm, P.A. v. Zambrano, 329 So. 3d 814, 814 (Fla. 3d DCA 2021).[1] Because they are not privileged in the hands of Yellow Cab, they "cannot be

---

[1] See also E. Air Lines v. Gellert, 431 So. 2d 329, 331, 333 (Fla. 3d DCA 1983) (holding that records of payments made by client to their attorney do not implicate the attorney-client or work-product privileges); Finol v. Finol, 869 So. 2d 666, 666 (Fla. 4th DCA 2004) (dismissing certiorari petition in which petitioner asserted his billing and payment records were protected by the attorney-client privilege and not subject to discovery; noting that the records sought were relevant and explaining that if the records contained descriptions of services rendered which would reveal the mental impressions and opinions of counsel, that information should be redacted as privileged); In re Slaughter, 694 F.2d 1258, 1260 (11th Cir. 1982) (observing that "matters involving the receipt of fees from a client are not generally privileged").

shielded by transferring them to the attorney." <u>Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A. v. Bolton</u>, 706 So. 2d 97, 98 (Fla. 3d DCA 1998) (quoting <u>Goldberg v. Ross</u>, 421 So. 2d 669, 669 (Fla. 3d DCA 1982)).

In fact, the records and testimony Garcia sought would normally have been produced at the deposition of Yellow Cab's corporate representative. Under Rule 1.310(b)(6) of the Florida Rules of Civil Procedure, a corporation can be required to produce a representative to testify "about matters known or reasonably available to the organization." "This places a duty on the corporation to affirmatively prepare its representative 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" <u>Bechtel Corp. v. Batchelor</u>, 250 So. 3d 187, 194 (Fla. 3d DCA 2018) (quoting <u>Carriage Hills Condo., Inc. v. JBH Roofing & Constructors, Inc.</u>, 109 So. 3d 329, 334 (Fla. 4th DCA 2013)). Particularly in these circumstances where the corporate representative is intentionally or unintentionally devoid of any knowledge of the corporation, the trial court should have permitted discovery of this information in the manner requested.

Petition granted, order quashed, and cause remanded.