297 So.2d 861 (1974)
Carolyn E. JONES and Wayne E. Jones, Her Husband, Petitioners,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Foreign Corporation, Respondent.
No. 74-211.
District Court of Appeal of Florida, Second District.
July 19, 1974.
*862 John E. Karvonen of Piper & Casler, St. Petersburg, for petitioners.
George D. Lynn, Jr., of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for respondent.
McNULTY, Judge.
In this negligence action resulting from a car/train collision plaintiffs/petitioners' attorney attempted to take discovery depositions from the engineer and trainman of the train involved in this accident. At the taking thereof, counsel for both sides got bogged down in argument about petitioners' counsel asking leading questions of the deponents. Counsel for the railroad, when advised by petitioners' counsel that the latter would continue to ask leading questions, thereupon ordered the deponents not to answer any further leading questions at which time petitioners' counsel terminated the taking and sought relief before the circuit judge below. Petitioners now seek certiorari to review the three ensuing rulings by the court: (1) refusal to allow petitioners' counsel to ask leading questions of the railroad's employees in a pretrial discovery deposition, (2) the refusal to rule the deponents improperly refused to answer such leading questions, and (3) the court's consequent denial to award petitioners reasonable expenses incurred as a result of the curtailed depositions. We grant certiorari and quash the orders complained of.
The predicate for the lower court's ruling is found in the following finding:
"The Court finds that the statement of counsel for the plaintiff, that he intended to ask leading questions, constitutes a *863 failure of the plaintiff to conduct the examination of the witnesses ... `as permitted at trial,' in accordance with R.C.P. 1.310(c), and further was a failure to act in [good] faith under discovery procedure generally... ."
The pertinent provision of Rule 1.310(c) R.C.P., referred to in such finding is as follows:
"(c) Examination and Cross-Examination; Record of Examination; Oath; Objections. Examination and cross-examination of witnesses may proceed as permitted at the trial. ..." (Italics ours.)
So it is obvious that the court was of the opinion that the phrase "as permitted at the trial" limited the taker of the deposition as though he was calling the deponent as his own witness at trial. We think that phrase does not have such limiting effect and that a brief review of the history of pretrial discovery will be helpful in construing it otherwise.
To begin with, it's well known that our Rules of Civil Procedure are patterned very closely after the Federal rules, and it has been the practice of the Florida courts closely to examine and analyze the Federal decisions and commentaries under the Federal rules in interpreting ours.[1] We do so now and allude, first, to the observations of Professors Wright and Miller in their treatise on Federal Practice and Procedure:[2]
"... The scope of discovery has been made very broad and the restrictions imposed upon it are directed chiefly at the use of, rather than the acquisition of, the information discovered.
"The central notion of discovery practice set out in the rules is that the right to take statements and the right to use them in court must be kept entirely distinct. By this method discovery at the pretrial stage is not fettered with the rules of admissibility that apply at a trial, and the utmost freedom is here allowed, but restrictions are imposed on the use of the products of discovery that preserve traditional methods of trial." (Italics ours.)
Additionally, it's now rudimentary that the primary purpose of pretrial discovery is twofold: (1) to "discover" evidence relevant and pertinent to the triable issues pending before the court, and (2) if in written form to serve, of itself, as evidence at trial if otherwise admissible.[3] Moreover, such discovery rules are to be liberally construed to accomplish their purpose.[4] In other words, litigation should no longer proceed as a game of "blind man's bluff."
With these observations as a prologue, then, we now point out that the critical phrase of our present Rule 1.310(c), R.C.P., relied upon by the trial court herein and quoted above, has been in our rules from their inception in 1954.[5] It has also been in the Federal rules from their inception, now appearing in Federal rule 30(c). Notwithstanding, we have been unable to find a single case which relies upon it to limit the manner of deposing a witness as did the trial judge here. To impose such *864 limitation would frustrate, we think, the very purpose of the rule and at the same time be inconsistent with other portions of the rules relating to discovery which do promote their purpose. In this latter respect, not unlike statutory construction, it is axiomatic that rules of civil procedure on a given subject are intended to be an intergrated whole in which all provisions relating thereto are to be construed in the light of each other.[6]
In this frame of reference, we find that in the present text of the very rule with which we are here concerned, indeed the very subsection thereof, to wit: 1.310(c), and following the critical phrase before us, the rule provides:
"... All objections made at time of the examination... to the manner of taking it, or to the evidence presented, or to the conduct of any party and any other objection to the proceedings shall be noted by the officer upon the deposition. Evidence objected to shall be taken subject to the objections. ..." (Italics ours.)
Additionally, the present Rule 1.280(b), R.C.P., provides in pertinent part as follows:
"(b) Scope of Discovery... .
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action,... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Italics ours.)
Finally, present Rule 1.330(c), R.C.P., formerly a part of 1.280, R.C.P., provides:
"(c) Effect of Taking or Using Depositions. A party does not make a person his own witness for any purpose by taking his deposition... ."
We construe these provisions in para materia to mean that the oral examination of any deponent shall proceed to completion,[7] subject to recorded objections subsequently to be resolved by the court, and all reasonably relevant questions, leading or otherwise, must be answered unless privileged whether or not such answers themselves, or other evidence toward which they may lead, would be admissible at trial. Again, the distinction between acquiring evidence and using it must be emphasized toward the end that the rules of discovery are interpreted and applied in light of their well known purposes. Discovering evidence is one thing, admitting it at trial is quite another.
We hold, therefore, that the critical phrase relied upon by the trial court herein is not to be construed as limiting the manner in which a party may depose any witness. Rather, it is to be construed as no more than an affirmative caveat, lest there be doubt otherwise, allowing him to lead or cross-examine one who might turn out to be a hostile or adverse witness if necessary to accomplish the purposes otherwise permitted within the spirit of "discovery."[8]
Certiorari granted.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] See, e.g., Delta Rent-A-Car, Inc. v. Rihl (Fla.App.4th, 1969) 218 So.2d 467.
[2] Wright and Miller, Federal Practice and Procedure: Civil § 2001, Vol. 8, p. 15.
[3] See, former Rule 1.280(a), R.C.P. 1968, and former Federal rule 26(a). These rules prior to their revision in 1972 and 1970, respecitvely, provided that the deposition of any person may be taken "for the purpose of discovery or for use as evidence in the action or for both purposes." This language is no longer in either set of rules since their revision aforesaid because

"... Undoubtedly the thought was that this point is now well understood and that it is no longer necessary to say that depositions may be used for either or both of these purposes."
See, Wright and Miller, n. 2, supra, § 2101 at p. 367.
[4] See, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).
[5] Most recently, prior to the 1972 revision, in Rule 1.280(e), R.C.P., as amended 1968.
[6] Cf., In re Cleary's Estate (Fla.App.2d 1962), 135 So.2d 428.
[7] We except, of course, those unusual circumstances contemplated by the present Rule 1.280(e) in which the deposition may be terminated or delayed pending a "protective order."
[8] See, Wright and Miller, n. 2, supra, § 2113 at p. 419. See also, Moore's Federal Practice, 2d ed., Vol. 4A, ¶ 30.58 at pp. 30-103, 104, 105.