658 So.2d 566 (1995)
Caridad MEDERO, individually and as Personal Representative of the Estate of Paulino Medero, decedent, Petitioner,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida corporation, Respondent.
No. 95-1228.
District Court of Appeal of Florida, Third District.
June 21, 1995.
Rehearing Denied August 23, 1995.
*567 Hornsby, Sacher, Zelman, Stanton & Paul, P.A., and Michael F. Audie, Angones, Hunter, McClure, Lynch & Williams, P.A., and Christopher Lynch, Miami, for petitioner.
Aimee D. Stein, Miami, for respondent.
Before SCHWARTZ, C.J., and JORGENSON, and LEVY, JJ.
PER CURIAM.
Petitioner, Caridad Medero, plaintiff below, seeks a writ of certiorari from this court to review the trial court's order denying plaintiff's motion to compel the deposition of Robert Marshall, an executive of defendant Florida Power & Light Company. For the following reasons, we grant the petition and quash the order of the trial court.
In early 1994, the plaintiff wife of the decedent who was allegedly electrocuted by an FPL power line, sought to depose three FPL executives. At the hearing on FPL's motion for protective order, the trial court ruled as follows:
THE COURT: I'm going to allow one officer to see just what the results of that deposition will be.
PLAINTIFF'S COUNSEL: Can I come back to you, Judge, after that?
THE COURT: You'll have to.
The court entered a written order the following day granting the motion for protective order with respect to Robert Marshall and a second FPL executive, and denying the motion with respect to the chief executive officer of FPL. The C.E.O.'s deposition was finally completed approximately one year later. In his deposition, the C.E.O. generally denied knowledge of the allegations of the complaint, but at numerous points identified Mr. Marshall, head of FPL's Distribution Department which oversees the placement of power lines, as potentially having knowledge regarding allegations of FPL's negligence in safety, design, construction, operations and compliance with the National Electric Safety Code. The plaintiff then moved to compel the deposition of Mr. Marshall; and the trial judge, a successor to the judge who entered the 1994 partial protective order, denied the motion to compel.
While an order denying discovery is not ordinarily reviewable by certiorari, certiorari review of orders denying discovery has been granted where it was found that the injury caused by the order was irreparable. Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992). In circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Travelers Indemnity Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980). The order under review departs from the essential requirements of law because the trial court made no finding, and there is nothing in the record before us, to rebut the suggestion by FPL's own C.E.O. that Mr. Marshall is a material witness; and there was no finding of good cause to preclude this particular deposition. The trial court has the right to deny discovery upon a showing of good cause, e.g. abusive, cumulative depositions of corporate *568 executives, under Florida Rule of Civil Procedure 1.280. However, the trial judge's cursory review of the issue and ruling that "I think we have had enough discovery in this [case]," after his predecessor's virtual invitation to plaintiff to return to the court following the deposition of the C.E.O., evinces no consideration of good cause. See Travelers, 388 So.2d at 650.
The petition for writ of certiorari is granted; the order denying plaintiff's motion to compel the deposition of Robert Marshall is quashed; and the cause is remanded for further proceedings consistent with this opinion.