DAVIS, Judge.
 

 Robert C. Nucci, M.D., P.A., and Robert C. Nucci, M.D. (collectively “Dr. Nucci”), defendants below, petition for certiorari review of the trial court’s order denying their motion to disqualify Evelyn Simmons’ counsel and the motion to compel her counsel’s deposition. We deny the petition as it relates to the denial of the motion to disqualify. However, because the trial court was required to separately consider, whether to allow Dr. Nucci to depose counsel, we grant the petition as to that issue.
 

 Ms. Simmons was injured in a traffic accident, which led to litigation unrelated to the instant petition. Nathaniel W. Tin-dall, II, represented Ms. Simmons in that litigation and arranged for her to be treated by Dr. Nucci. Although the subject of some dispute, Dr. Nucci may have been part of a Blue Cross and Blue Shield insurance network at the time the treatment began. However, regardless of his actual status with the insurance network, the payment he received for the treatment of Ms. Simmons occurred through a separate billing arrangement.
 
 [1]
 
 This arrangement was handled through Attorney Tindall’s office and never directly involved Ms. Simmons.
 

 Sometime after Dr. Nucci received payment for Ms. Simmons’ treatment, it was determined that Dr. Nucci may still have been a part of the insurance network at the time of the treatment. Upon this discovery, Ms. Simmons, through Attorney Tindall, filed a multicount complaint alleging damages stemming from Dr. Nucci’s failure to bill Ms. Simmons through the insurance network rather than through the independent arrangement.
 

 In defending against the complaint, Dr. Nucci sought to depose Attorney Tindall, alleging that he possessed nonprivileged information related to the billing arrangements and payment for Ms. Simmons’ treatment. The trial court orally granted Attorney Tindall’s motion for a protective order without prejudice to Dr. Nucci showing that an actual business relationship existed with Attorney Tindall that might entitle him to the deposition.
 
 *390
 
 Based on Dr. Nucci’s contention that he and Attorney Tindall were in a business relationship and that Ms. Simmons’ deposition contained statements that she had no knowledge of the arrangements for her treatment, Dr. Nucci moved to compel the deposition of Attorney Tindall. In the same motion, he also sought to disqualify Attorney Tindall from representing Ms. Simmons because he was a necessary witness at trial. Following an evidentiary hearing, the trial court denied the motion to disqualify, concluding that Attorney Tindall’s testimony was not required for the claims that related to whether Dr. Nucci should have billed Ms. Simmons through the insurance network.
 
 [2]
 
 The trial court also denied Dr. Nucci’s motion to compel Attorney Tindall’s deposition, specifically stating that the two motions “go hand in hand.” The trial court further recognized that the rulings could change depending upon the direction and focus of the claims on which the parties proceeded.
 

 Because there is nothing in the appendices provided to this court to show that either party has listed Attorney Tin-dall as a potential witness, we find no departure from the essential requirements of law in the trial court’s denial of the motion to disqualify counsel.
 
 [3]
 
 Additionally, we agree with the trial court’s reasoning that the motion to compel deposition is related to the request for disqualification of counsel. However, the trial court should separately have considered whether to allow Dr. Nucci the opportunity to depose Attorney Tindall because the issues related to disqualification of counsel are distinguishable from those involved in the taking of opposing counsel’s deposition.
 

 “Certiorari review ‘is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.’ ”
 
 Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC,
 
 820 So.2d 445, 448 (Fla. 2d DCA 2002) (quoting
 
 Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995)). An order denying a motion to compel deposition of a witness is reviewable through petition for writ of certiorari where the alleged harm is irreparable.
 
 Medero v. Fla. Power & Light Co.,
 
 658 So.2d 566, 567 (Fla. 3d DCA 1995).
 

 In circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since “there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.”
 

 Id.
 
 (quoting
 
 Travelers Indem. Co. v. Hill,
 
 388 So.2d 648, 650 (Fla. 5th DCA 1980)).
 

 In the instant case, Dr. Nucci alleged that Attorney Tindall was a necessary witness to certain claims and affirmative defenses set forth in the pleadings because the entire treatment agreement was negotiated between Attorney Tindall and Dr. Nucci without providing any details to Ms. Simmons. In his motion, Dr. Nucci identifies the type of information that Attorney Tindall possessed that would be discoverable. Although Dr. Nucci’s motion described Attorney Tindall as a necessary witness rather than a material wit
 
 *391
 
 ness, the details of the motion support the conclusion that even if he is not an essential witness to each claim or affirmative defense, he at least meets the definition of a material witness.
 
 [4]
 
 “A material witness is one who possesses information ‘going to some fact affecting the merits of the cause and about which
 
 no other ivitness
 
 might testify.’ ”
 
 Sardinas v. Lagares,
 
 805 So.2d 1024, 1026 (Fla. 3d DCA 2001) (quoting
 
 Wingate v. Mach,
 
 117 Fla. 104, 157 So. 421, 422 (1934)).
 

 The trial court’s reasons for denying the motion to disqualify do not appear to set forth sufficient cause to deny the right to depose an alleged material witness.
 
 See Medero,
 
 658 So.2d at 567 (“The order under review departs from the essential requirements of law because the trial court made no finding, and there is nothing in the record before us, to rebut the suggestion ... that [the witness] is a material witness; and there was no finding of good cause to preclude this particular deposition.”). While Ms. Simmons might be able to prosecute her claim and Dr. Nucci might defend against the claim without either party calling Attorney Tindall to testify at trial, that is not the test the trial court should have used to determine whether Dr. Nucci has the right to depose Attorney Tindall as a material witness.
 

 We recognize that deposing opposing counsel is fraught with concern.
 
 See Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc.,
 
 813 So.2d 250, 252 (Fia. 3d DCA 2002) (“[D]eposing opposing counsel in the midst of an ongoing proceeding is generally offensive to our adversarial system and is an extraordinary step which will rarely be justified.”). However, there is no absolute prohibition to the practice.
 
 See Young, Stem & Tannenbaum, P.A. v. Smith,
 
 416 So.2d 4, 5 (Fla. 3d DCA 1982) (“The order entered by the trial court precludes the taking of
 
 any
 
 deposition of [opposing counsel]. Such an order ... is overly broad and departs from the essential requirements of law. Only those communications which actually fall under the attorney/client privilege are protected.” (citation omitted)).
 

 Case law specifically suggests that in certain instances the taking of a deposition of opposing counsel should be allowed in order to determine whether a motion to disqualify that counsel should ultimately be granted.
 
 See Quality Air Conditioning Co. v. Vrastil,
 
 895 So.2d 1236, 1238 (Fla. 4th DCA 2005) (“[T]he motion for disqualification alone, without the deposition transcript .., does not meet the burden of demonstrating the necessity of his testimony as a witness.... ”);
 
 Singer Island Ltd. v. Budget Constr. Co.,
 
 714 So.2d 651, 652 (Fla. 4th DCA 1998) (“If petitioner had waited until after he had deposed opposing counsel, he might have been able to develop more of a record to support his motion to disqualify.”). The trial court here does not appear to have taken any of these considerations into account when denying the motion to depose.
 

 Because the trial court departed from the essential requirements of law in failing to use the correct analysis for determining whether to deny the motion to depose Attorney Tindall, and because Dr. Nucci would have no adequate remedy on appeal, we grant the petition with regard to Dr. Nucci’s motion to depose. Accordingly, we lift the stay that was entered pending this court’s review and quash only the portion
 
 *392
 
 of the trial court’s February 2, 2009, oi'der denying the motion to compel deposition. We remand the matter for the trial court to reconsider that portion of the motion using the proper standard to determine whether Dr. Nucci is entitled to depose Attorney Tindall. We deny the petition as it relates to the portion of the order denying the motion to disqualify Attorney Tin-dall but note that our denial is without prejudice to the trial court’s reconsideration of the issue based on any future motion that may be filed as a result of information obtained from the deposition of Attorney Tindall or because he is otherwise identified by the parties as a witness at trial.
 

 Denied in part; granted in part; order quashed; remanded.
 

 CASANUEVA, C.J., and SILBERMAN, J., Concur.
 

 [1]
 

 . This arrangement involved Attorney Tindall providing Dr. Nucci a "letter of protection” and then paying the medical bills from the proceeds of the recovery.
 

 [2]
 

 . At that hearing, Attorney Tindall informed the court that Ms. Simmons would be dismissing her other claims.
 

 [3]
 

 . We note that nothing in the trial court’s denial nor in our review would preclude Dr. Nucci from filing anew his motion for the disqualification of Attorney Tindall should the attorney ultimately be listed as a possible witness.
 

 [4]
 

 . We make no determination regarding whether any other witnesses, such as members of Attorney Tindall's office staff, could provide the same information at trial or on deposition and thereby rebut Dr. Nucci's claim that Attorney Tindall is a material witness.