NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER SHINDORF and )
TRACY SHINDORF, )
                             )
         Petitioners, )
                             )
v. )         Case No. 2D16-2352
                             )
VAN D. BELL, CRNA, )
                             )
         Respondent. )
_____ )

Opinion filed December 28, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Cheryl
Thomas, Judge.

Richard N. Asfar and George A. Vaka of
Vaka Law Group, P.L., Tampa; Michael J.
Trentalange of Trentalange & Kelley, P.A.,
Tampa, for Petitioners.

Michael R. D'Lugo of Wicker Smith O'Hara
McCoy & Ford, P.A., Orlando, for
Respondent.


LUCAS, Judge.

         In this medical malpractice action, the petitioners, Christopher and Tracy

Shindorf, the plaintiffs below, seek certiorari review of a discovery order that prevents

them from taking the deposition of the respondent, Van Bell, CRNA,[1] the defendant below.  The circuit court entered a protective order preventing the deposition because Mr. Bell had previously been deposed as a fact witness by the Shindorfs' counsel in their prior lawsuit against different defendants concerning the same underlying incident.  Because of this prior deposition (which was relatively brief), the circuit court was persuaded that the Shindorfs had no need to depose Mr. Bell in their subsequent lawsuit against him.  For the reasons we explain below, we must grant the Shindorfs' petition.

The extraordinary remedy of a writ of certiorari may be available to review a pretrial discovery order when the following three elements have been established: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal."  Plantz v. John, 170 So. 3d 822, 824 (Fla. 2d DCA 2015) (quoting Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011)).  Of these three elements, the latter two—material injury and a lack of an adequate appellate remedy—constitute the jurisdictional threshold for our certiorari review; the first element concerns the merits of the petition.  Id.; Ryan v. Landsource Holding Co., LLC, 127 So. 3d 764, 767 (Fla. 2d DCA 2013) (citing State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635 (Fla. 2d DCA 2008)).

---

[1]The postnominal credential "CRNA" indicates Mr. Bell's licensure as a certified registered nurse anesthetist.  Mr. Shindorf claims that he sustained burn injuries as a result of Mr. Bell's improper placement and monitoring of a heating pad while Mr. Shindorf was sedated during a radiofrequency ablation procedure.

Our court has held that an order that deprives a party in a civil proceeding of the ability to depose a material witness satisfies the jurisdictional requisites for certiorari review. Rogan v. Oliver, 110 So. 3d 980, 982 (Fla. 2d DCA 2013) ("Generally, certiorari jurisdiction exists to consider the denial of a motion to compel the deposition of a material witness."); Nucci v. Simmons, 20 So. 3d 388, 390 (Fla. 2d DCA 2009) ("In circumstances involving the denial of the right to take testimony of an alleged material witness . . . such a denial cannot be remedied on appeal since 'there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.' " (quoting Medero v. Fla. Power & Light Co., 658 So. 2d 566, 567 (Fla. 3d DCA 1995))). Certainly, then, the denial of a plaintiff's right to take a defendant's deposition would fall squarely within the purview of an appellate court's certiorari jurisdiction, as our sister courts have recognized. See, e.g., Expert Installation Serv., Inc. v. Fuerte, 933 So. 2d 1231, 1233 (Fla. 3d DCA 2006) ("Here, Fuerte chose to add Expert as a defendant and Expert should not be denied the opportunity to take the deposition of Fuerte who is undoubtedly a material witness."); Beekie v. Morgan, 751 So. 2d 694, 698 (Fla. 5th DCA 2000) (granting petition for certiorari where circuit court denied plaintiff's motion to compel deposition of defendant, noting "[i]t is axiomatic that Beekie will suffer a material injury which will continue through the trial by being unable to depose Morgan"). From his response, it does not appear that Mr. Bell seriously disputes the Shindorfs' right to take his deposition in this action but simply questions the need for what he calls a "second" deposition concerning his involvement in Mr. Shindorf's medical procedure. Mr. Bell describes at great length the many ways that the Shindorfs could potentially use his prior deposition transcript from the other lawsuit in

- 3 -

the present litigation—which, in his estimation, alleviates any harm the Shindorfs might sustain from being deprived of the opportunity to take his deposition now.

We disagree with the short shrift that assessment imbues upon a fundamental tenet of civil discovery practice—to ascertain the strengths and weaknesses of an adversary's pleaded claims or defenses. See, e.g., Brooks v. Owens, 97 So. 2d 693, 698 (Fla. 1957) (recognizing that "the ultimate goal [of discovery] is to ascertain facts which may be used for *proof or defense of an action* . . . and that the purpose of discovery rules was to take the surprise out of trials so that all relevant facts *pertaining to the action* may be ascertained in advance of trial."); Jones v. Seaboard Coast Line R.R. Co., 297 So. 2d 861, 863 (Fla. 2d DCA 1974) ("[T]he primary purpose of pretrial discovery is twofold: (1) to 'discover' evidence relevant and pertinent to the triable issues pending before the court, and (2) if in written form to serve, of itself, as evidence at trial if otherwise admissible. . . . [S]uch discovery rules are to be liberally construed to accomplish their purpose." (footnote omitted)). Mr. Bell was not a party when the Shindorfs previously took his deposition in the separate action. His brief, exploratory deposition as a fact-witness in one case—a deposition taken before the full extent of Mr. Bell's involvement in the underlying incident was known, before the present lawsuit was commenced, and before Mr. Bell had interposed an answer and affirmative defenses to the Shindorfs' claims—would hardly serve as a substitute for the kind of deposition that would be taken were he a named defendant. Cf. Brooks, 97 So. 2d at 698; Jones, 297 So. 2d at 863; Beekie, 751 So. 2d at 697 ("One proceeds to cross-examine a party at trial at one's own peril, without a prior oral deposition."); 75 Am. Jur. Trials 55 § 143 (2000) ("Plaintiff's counsel is obliged to thoroughly prepare for

- 4 -

the deposition of all defendants.  This necessitates careful study of each defendant's responses to interrogatories, and the materials obtained pursuant to requests to produce.").

Indeed, we rejected a similar argument in Kesler v. Brown, 637 So. 2d 958 (Fla. 2d DCA 1994), in which we granted a petition for writ of certiorari where the circuit court denied an attorney defendant the right to depose his former client in a legal malpractice action because the same plaintiff had been previously deposed in the course of a separate bar grievance proceeding.  Absent a "strong showing [of good cause]," the Shindorfs, as plaintiffs, had the right to take Mr. Bell's deposition in their lawsuit.  See Scolaro v. Butler, 135 So. 3d 1111, 1113 (Fla. 2d DCA 2013) (alteration in original) (quoting Bush v. Schiavo, 866 So. 2d 136, 138 (Fla. 2d DCA 2004)).  No such showing can be gleaned from the record before us, and so we conclude that the circuit court's order, which prohibited the Shindorfs from taking the defendant's deposition in their lawsuit, departed from the essential requirements of law.  Accordingly, we grant the petition for writ of certiorari and quash the circuit court's order.

Petition granted.


KELLY and SALARIO, JJ., Concur.