NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AKHNOUKH A. AKHNOUKH and　　　)
SIMON BISHOY AKHNOUKH,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Petitioners,　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　Case No.  2D16-4018
　　　　　　　　　　　　　　　　　)
MICHELLE BENVENUTO,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　)
_____)

Opinion filed April 19, 2017.

Petition for Writ of Certiorari to the
Circuit Court for Pinellas County;
John A. Schaefer, Judge.

Jeffrey D. Jensen of Unice Salzman
Jensen, P.A., Trinity, for Petitioners.

Courtney A. Umberger of Barnes Trial
Group, Tampa, for Respondent.


SILBERMAN, Judge.

　　　　　In this negligence action arising from a motor vehicle accident, Akhnoukh

A. Akhnoukh and his son, Simon Bishoy Akhnoukh, the Defendants below (collectively,

the Defendants), seek certiorari review of the trial court's nonfinal order that grants

Plaintiff Michelle Benvenuto's motion for a protective order to prohibit the deposition of a

witness, her minor son. We grant certiorari relief and quash the order that prohibits the deposition.

On May 10, 2014, Benvenuto was stopped at the exit of a gas station, waiting to turn right onto U.S. 19. While stopped in the driveway, Benvenuto's vehicle was rear-ended by a vehicle operated by Simon Akhnoukh and owned by his father. Benvenuto's son was the only passenger in the vehicle with Benvenuto and was sitting in the front passenger seat. He was eight years old at the time of the accident.

Benvenuto subsequently filed her negligence action seeking damages for personal injuries. Among the Defendants' affirmative defenses were that Benvenuto was negligent and that she failed to use a fully operational seatbelt. The Defendants sought to depose Benvenuto's minor son, and Benvenuto filed a motion for protective order. The motion alleged that the minor was not injured in the accident or a party to the lawsuit and that he could not contribute any meaningful testimony relevant to the action. The motion further alleged that to require the minor to submit to a deposition would "result in unnecessary annoyance, embarrassment, burden, and expense."

In her deposition of June 14, 2016, Benvenuto stated that she and her son lived together. He remembered the details of the accident, but they had not spoken about it recently. She testified that she was at a complete stop when her vehicle was rear-ended and that she was wearing her seatbelt. Benvenuto also described the pain she was experiencing to her neck and shoulder every day. But, since the accident, she had gone to Busch Gardens with her son and ridden adult rollercoasters; however, she could not remember the names of the rollercoasters that she rode.

On August 24, 2016, the trial court conducted a hearing on the motion for protective order. At the hearing, Benvenuto's counsel asserted that the minor was only eight years old at the time of the accident and was eleven years old at the time of the hearing. Counsel sought a protective order "just because of his age, lack of maturity, experience" and argued that "minors are especially susceptible to intimidation during a deposition." Counsel further questioned what the minor could "provide in terms of clarity" in this rear-end crash.

Defense counsel stated that the minor was an eyewitness to the accident and was sitting in the front passenger seat. Thus, counsel asserted that the minor could "testify as to the forces of impact and the moments leading up to the accident." Also, the minor could "testify about the state of [his mother's] general health and the activities that she does on a day-to-day basis."

The trial court granted the motion for protective order and stated the following:

> I don't think an 11-year-old who was eight at the time should be questioned in this case, a car accident case, and then get into the state of health of his mom. So I'm going to grant the motion. That's without prejudice. If we get close to trial and you go, Judge, we've got to have his testimony because of these incredible conflicts on this one issue, but I'm not going to have a kid talking about his mom's health either.

The trial court did not hear any evidence concerning the minor's lack of maturity, experience, or how the deposition could be detrimental to him. The Defendants seek certiorari review of the nonfinal order that grants the motion for protective order without prejudice.

To be entitled to certiorari relief from a pretrial discovery order the petitioner must show "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Rogan v. Oliver, 110 So. 3d 980, 982 (Fla. 2d DCA 2013) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). The second and third prongs are jurisdictional. Id. Certiorari jurisdiction generally exists to review the denial of a motion to compel the deposition of a material witness. Id.; Nucci v. Simmons, 20 So. 3d 388, 390 (Fla. 2d DCA 2009).

> In circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result."

Nucci, 20 So. 3d at 390 (quoting Medero v. Fla. Power & Light Co., 658 So. 2d 566, 567 (Fla. 3d DCA 1995)).

Benvenuto contends that certiorari review is premature because the grant of the protective order is without prejudice and thus does not foreclose a deposition of her son at a later time. However, the trial court ruled that it would not allow a deposition on issues of the mother's health and that, in any event, a deposition would only be allowed if there were, for example, "incredible conflicts on this one issue." Thus, it appears that the trial court would not allow a deposition under circumstances when the defense would be entitled to take one of a material witness.

Florida Rule of Civil Procedure 1.310(a) provides that after commencement of the action a party may take a deposition of any person. Rule 1.280(c) provides that a party or person from whom discovery is sought may seek a

- 4 -

protective order and that the trial court may issue an order that denies or restricts discovery "for good cause shown." When "justice requires," the court may issue an "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The party seeking the protective order has the burden to show good cause. Bush v. Schiavo, 866 So. 2d 136, 138 (Fla. 2d DCA 2004).

When a party has been denied the right to depose an alleged material witness without a finding of good cause to preclude the deposition, the trial court departs from the essential requirements of law. See Nucci, 20 So. 3d at 391; Medero, 658 So. 2d at 567. "A material witness is one who possesses information 'going to some fact affecting the merits of the cause and about which *no other witness* might testify.'" Nucci, 20 So. 3d at 391 (quoting Sardinas v. Lagares, 805 So. 2d 1024, 1026 (Fla. 3d DCA 2001)).

Here, it appears that the minor is a material witness as to the circumstances in Benvenuto's vehicle at the time of impact, including the force of impact and whether she was wearing a seat belt. Benvenuto contends that her son is not a material witness because the Defendants can obtain the same information from her, essentially forcing the Defendants to take Benvenuto's view of the circumstances without the ability to verify the accuracy of her assertions. This court has found a witness to be material even when the relevant information could be obtained from a party. See Nucci, 20 So. 3d at 390. Although Dr. Nucci, the defendant, was aware of the negotiations between himself and Attorney Tindall regarding a billing arrangement, this court determined that Tindall met the definition of a material witness. Id. at 390-91.

Similarly, the minor is a material witness to the circumstances in Benvenuto's vehicle at the time of the accident.

In addition, the minor is the only other person who lives with Benvenuto, and he would have unique knowledge of his mother's day-to-day activities and how the accident affected her. Furthermore, Benvenuto was unable to state at deposition which rollercoasters she rode after the accident. The Defendants suggest that the minor may know which rollercoasters he rode with his mother. This would allow the Defendants to establish that despite her injuries and ongoing pain Benvenuto rode rollercoasters of specific speeds and G-force intensities.

The trial court did not require Benvenuto to establish good cause for the protective order. She based her argument on her son's age, lack of maturity, and experience but provided no evidence. She also did not provide any evidence of how the taking of the deposition may be detrimental to her son. The trial court made no findings of good cause and departed from the essential requirements of law in prohibiting the deposition. See Nucci, 20 So. 3d at 391; Medero, 658 So. 2d at 567. Thus, we grant the petition and quash the trial court's order granting the motion for protective order. The trial court in its discretion may take protective measures if necessary for the minor's well-being, such as requiring that the deposition take place before the court or a magistrate.

Petition granted and order quashed.


LaROSE and SLEET, JJ., Concur.

- 6 -