# Third District Court of Appeal
## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0155
Lower Tribunal No. 04-11813
_____

**Steve Ferguson, et al.,**
Petitioners,

vs.

**The Republic of Trinidad and Tobago, etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Law Office of Stephen James Binhak, P.L.L.C., and Stephen James Binhak; León Cosgrove, LLP, and Scott B. Cosgrove, for petitioners.

Sequor Law, P.A., and Cristina Vicens Beard, Edward H. Davis, Jr., Arnoldo B. Lacayo, and Christopher A. Noel, for respondent.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

Petitioners Steve Ferguson, Inversiones Lastraval, and Argentum International Marketing Services seek certiorari review of an order denying a motion to depose a corporate representative of non-party witness, the Airports Authority of Trinidad and Tobago, in a long-running racketeering case brought against petitioners by respondent here, the Republic of Trinidad and Tobago.  The trial court denied the deposition primarily because it considered the Airports Authority to be a mere instrumentality of respondent, rendering the deposition cumulative since the petitioners deposed other representatives of the Republic of Trinidad and Tobago.

The petitioners allege that the denial of the motion was improper because the Airports Authority is a material witness.  We agree.  Certiorari relief is appropriate when: (1) there has been a departure from the essential requirements of the law, which (2) cannot be rectified on direct appeal.  See, e.g., Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011).  Unless otherwise limited by the trial court or the Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action."  Fla. R. Civ. P. 1.280(b)(1).  "When a party is denied the right to depose an alleged material witness without a finding of good cause to preclude the deposition, the trial court departs from the essential requirements of the law."  Hepco Data, LLC v. Hepco Med., LLC,

301 So. 3d 406, 412 (Fla. 2d DCA 2020); see also Nucci v. Simmons, 20 So. 3d 388, 391 (Fla. 2d DCA 2009) (granting certiorari review of denied deposition motion "[b]ecause the trial court departed from the essential requirements of the law in failing to use the correct analysis for determining whether to deny the motion"). "A trial court's denial of a party's right to depose a material witness has been found to constitute irreparable harm subject to certiorari review." Adkins v. Sotolongo, 227 So. 3d 717, 719 (Fla. 3d DCA 2017); see also Medero v. Fla. Power & Light Co., 658 So. 2d 566, 567 (Fla. 3d DCA 1995) (granting certiorari where "the trial court made no finding, and there is nothing in the record before us, to rebut the suggestion by [the petitioner] that [the witness] is a material witness; and there was no finding of good cause to preclude this particular deposition").

Based on the record before us, we conclude that the Airports Authority of Trinidad and Tobago is not a mere instrumentality of the Republic of Trinidad and Tobago, but a *sui generis* statutory entity that would constitute a material fact witness. See Sardinas v. Lagares, 805 So. 2d 1024, 1026 (Fla. 3d DCA 2001) ("A material witness is one who possesses information going to some fact affecting the merits of the cause and about which no other witness might testify." (quotations and emphasis omitted)). Additionally, as the purported corporate representative provided by respondent was not

3

competent to testify to issues properly within the ambit of a corporate representative for a *sui generis* entity, there is no basis to conclude that the deposition of the Airports Authority representative would be cumulative. We therefore grant the petition and quash the trial court's December 10, 2020 order denying petitioners' motion for deposition of the Airports Authority representative.

Petition granted.