# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1108
Lower Tribunal No. 19-15463
_____

**M.S.,**
Petitioner,

vs.

**Department of Children and Families and Guardian ad Litem Program,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Denise Martinez-Scanziani, Judge.

Siverson Law Firm PLLC, and Scott E. Siverson (Winter Garden), for petitioner.

Karla Perkins, for respondent, Department of Children and Families, and Sara Elizabeth Goldfarb, and Desirée Erin Fernández (Tallahassee), for respondent, Guardian ad Litem Program.

Before SCALES, MILLER, and GORDO, JJ.

MILLER, J.

Petitioner, M.S., seeks certiorari relief from a protective order prohibiting a post-trial deposition of a recanting child witness in the underlying termination of parental rights proceedings. Petitioner contends the trial court violated his due process rights by divesting him of the ability to examine the child witness outside of court prior to an evidentiary hearing relating to the recantation. Finding petitioner has failed to demonstrate a departure from the essential requirements of law resulting in irreparable harm, we deny the petition.

## BACKGROUND

The mother of the child witness began cohabitating with petitioner over a decade ago, and the two now share a daughter in common. The child witness lived with petitioner, along with her mother and half-sister, until 2019. During that time, she maintained contact with her biological father.

In October of 2019, the child witness informed a mental health coordinator at her school that petitioner had sexually abused her over a span of several years. The child witness was brought before a trust counselor and reiterated the allegations. She further asserted that her parents were aware of the abuse. School officials contacted the Department of Children and Families and law enforcement.

The child witness was interviewed multiple times by various individuals, including a forensic interviewer and a law enforcement officer. During each of the interviews, she recapitulated the allegations and maintained that her parents knew about the abuse.

The Department filed a consolidated petition seeking to terminate petitioner's parental rights to his daughter and both parents' parental rights to the child witness. A trial convened, and the child witness was summoned to testify. She was examined for approximately eight hours over the course of two days. During her testimony, she confirmed the allegations but claimed she lied earlier when she told others her parents were aware of the abuse.

Following the trial, petitioner successfully moved to disqualify the presiding judge. A successor judge granted a motion for new trial, at which the child's prior trial testimony was admitted into evidence. The parties were then granted leave to recall the child, but all declined.

At the conclusion of the trial, the trial court terminated petitioner's parental rights to his daughter and both parents' parental rights to the child witness. Immediately after the judgment was rendered, the child emailed the judge. In her email, she stated that she had fabricated the allegations against petitioner at the urging of her paternal grandmother in a misguided

3

effort to rekindle the relationship between her mother and her biological father.

The trial court commenced proceedings to verify the authenticity of the email and vacated the final judgment. The court then scheduled an evidentiary hearing to determine whether there existed "new and material evidence, which, if introduced at the hearing, would probably have changed the court's decision and could not with reasonable diligence have been discovered before and produced at the hearing." Fla. R. Juv. P. 8.265(a)(4).

Petitioner filed an emergency motion to depose the child in advance of the hearing. Both the Department and the court-appointed guardian ad litem separately sought protective orders. The court ultimately granted the protective order and precluded petitioner and the mother from deposing the child before the hearing. The instant petition ensued.

**LEGAL ANALYSIS**

"Certiorari relief is an extraordinary remedy that is granted in only limited circumstances." Hepco Data, LLC v. Hepco Med., LLC, 301 So. 3d 406, 409 (Fla. 2d DCA 2020). Such relief "is warranted when a nonfinal order: (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." A.H. v. Dep't of Child. & Fams., 277 So. 3d 704, 707

(Fla. 3d DCA 2019). A "departure from the essential requirements of law" is more than mere legal error; it requires a showing of "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So. 2d 93, 95–96 (Fla. 1983).

The denial of discovery seldom warrants certiorari relief because, typically, any resulting harm is capable of remedy on plenary appeal. See Palmer v. WDI Sys., Inc., 588 So. 2d 1087, 1088 (Fla. 5th DCA 1991). There is a well-settled exception to this general rule. When the pretrial deposition of a material witness is denied absent a finding of good cause, this court and others have granted certiorari review. See Sabol v. Bennett, 672 So. 2d 93, 94 (Fla. 3d DCA 1996); Medero v. Fla. Power & Light Co., 658 So. 2d 566, 567–68 (Fla. 3d DCA 1995).

The rationale for this exception is simple. Ordinarily, the harm associated with the denial of an essential deposition cannot be corrected on appeal since "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Medero, 658 So. 2d at 567 (quoting Travelers Indem. Co. v. Hill, 388 So. 2d 648, 650 (Fla. 5th DCA 1980)).

Here, the child's original allegations formed the basis of the termination petition, and her recantation has the potential to cast doubt on the veracity

5

of the testimony received during the trial. Hence, she is indubitably a material witness.

The posture of this case, however, substantially differs from those cases in which the denial of a deposition warranted relief in certiorari. First, the challenged order precluded a post-trial, rather than a pretrial, deposition, and petitioner has cited no authority that would support the proposition such a deposition is a matter of right. Second, in each case where the denial of a deposition was deemed worthy of certiorari review, the petitioning party was deprived of formal access to the witness. In this case, the trial court has ordered the child witness to appear in court for further examination by the parties. Third, unlike in other cases, here, the trial court found good cause for denying the deposition request. We therefore turn our analysis to whether that finding is supported.

Section 39.801(1), Florida Statutes (2022), provides that "[a]ll procedures . . . in termination of parental rights proceedings shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law." Florida Rule of Juvenile Procedure 8.245(g)(1)(A), in turn, permits a party to a termination proceeding to take the deposition of "any person who may have information relevant to the allegations of the petition."

Petitioner argues that these rules demand he be afforded an unfettered right to examine the child outside the presence of the court. Depositions of children in juvenile proceedings implicate unique considerations. "The rules and statutes . . . permit the court to regulate the number of times a child testifies by limiting depositions and permitting the perpetuation of testimony." Troy M. Farquhar, Adjudicatory Hearing in Dependency Cases, in Fla. Juv. L. & Prac. § 14.4 (16th ed. 2020).

To that end, section 92.55(4), Florida Statutes (2022), applicable to victims or witnesses under the age of eighteen and sexual offense victims and witnesses, among others, provides, in relevant part: "In addition to such other relief provided by law, the court may enter orders limiting the number of times that a child, a person who has an intellectual disability, or a sexual offense victim or witness may be interviewed, [or] prohibiting depositions of the victim or witness . . . ." Similarly, Florida Rule of Juvenile Procedure 8.245(i)(1) authorizes the trial court to preclude or limit the taking of a deposition of any witness or victim under the age of sixteen "for good cause shown." Factors to be considered by the court in determining whether good cause exists are further codified within the rule and include the age of the child, the nature of the allegations, the relationship between the child and the alleged perpetrator, anticipated adverse effects on the child, the manifest

7

best interests of the child, and previous examinations involving the child. Fla. R. Juv. P. 8.245(i)(3).

In the instant case, the child witness is under the age of eighteen and a purported victim of sexual abuse. Further, the judge duly considered additional rule-based factors before ultimately concluding good cause justified granting the protective order. The challenged order contained express findings that the child is fourteen years of age, the allegations concern sexual abuse, the alleged perpetrator is in a familial relationship with the child, the child has been interviewed on multiple occasions, and the child will potentially suffer adverse effects if interviewed outside of court. These findings comport with the applicable legislative considerations.

Petitioner contends, however, that no expert has directly opined the deposition should not proceed due to anticipated prospective harm to the child. While this is technically correct, expert testimony of record established the child suffers from post-traumatic stress disorder, depression, and an adjustment disorder. Thus, the adverse effect finding is not untethered to any evidence.

Petitioner further asserts that, because the newly discovered statement is a recantation, the trial court improperly relied upon previous interviews in determining good cause. By the time the child testified at the

8

first trial, she had retracted several of her prior statements and admitted to lying. The successor judge extended an unclaimed opportunity to petitioner and all other parties to recall the child as a witness. In view of this chronology, the existence of the prior interviews cannot be deemed wholly irrelevant.

Further, the relevant analytical framework does not lend itself to any bright-line rule. Instead, as is consistent with the "active participation of the judge" envisioned in termination proceedings, the trial court is endowed with broad discretion to consider any relevant factors in limiting the number of times a child is interviewed and imposing any other such limitations as may be appropriate. S.B. v. Dep't of Child. & Fams., 851 So. 2d 689, 693 (Fla. 2003); see § 92.55(4), Fla. Stat. Here, the trial court considered all statutory factors and, rather than denying access to the child, merely required that the threshold examination concerning the recantation occur in open court. The effect of this ruling is that the parties remain free to explore the timing and details of the disclosure.

Under these circumstances, we conclude that petitioner has failed to establish a departure from the essential requirements of law resulting in irreparable harm. Accordingly, we deny the petition.

Petition denied.

9