# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1602
Lower Tribunal No. 17-22446
_____

**Assurance Group of America, Inc., etc., et al.,**
Petitioners,

vs.

**Security Premium Finance, Inc., etc.,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Warren Gammill & Associates, P.L., and Warren P. Gammill, for petitioners.

FORS | Attorneys at Law, and Jorge L. Fors and Fernando A. Prego, for respondent.

Before LOGUE, LINDSEY, and MILLER, JJ.

LOGUE, J.

Assurance Group of America, Inc. and Germaine Elizabeth Escobar seek a writ of certiorari quashing the trial court's protective order, which prevents them from taking a second deposition of Security Premium Finance Inc.'s corporate representative. Petitioners, defendants below, argue that Respondent's corporate representative is a material witness, and they will be irreparably harmed if they are prevented from taking the deposition. Petitioners identified eight areas of inquiry in their deposition notice, which they contend are different from the areas of inquiry on which they previously deposed the corporate representative. Respondent, plaintiff below, argues there is no irreparable harm because Petitioners already deposed their corporate representative once before, as well as deposing their marketing representative (in his individual capacity and not as corporate representative), and both witnesses testified concerning the same eight areas of inquiry.

While there is nothing in the Florida Rules of Civil Procedure that expressly forbids a second discovery deposition, Rule 1.280(c) does allow a trial court, for good cause shown, to protect a party from discovery that would cause annoyance, embarrassment, oppression, or undue burden or expense. See Medina v. Yoder Auto Sales, Inc., 743 So. 2d 621, 623 (Fla. 2d DCA 1999). "[R]ule 1.280(c) . . . gives the trial court significant discretion

2

in determining whether such potentially cumulative depositions should occur[.]" <u>Racetrac Petroleum, Inc. v. Sewell</u>, 150 So. 3d 1247, 1252 (Fla. 3d DCA 2014). Abusive, cumulative depositions of corporate executives, moreover, have been cited as an example of good cause sufficient to warrant a protective order. <u>See</u> <u>Medero v. Florida Power & Light Co.</u>, 658 So. 2d 566, 567–68 (Fla. 3d DCA 1995).

"In circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since 'there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.'" <u>Id.</u> at 567 (quoting <u>Travelers Indem. Co. v. Hill</u>, 388 So. 2d 648, 650 (Fla. 5th DCA 1980)). As Respondent correctly points out, however, in cases where certiorari has been granted under these circumstances the issue did not concern a second deposition of a material witness, but rather whether an initial deposition should have been permitted. A finding of irreparable harm under those circumstances, therefore, is distinguishable from the present matter. <u>C.f.</u> <u>Adkins v. Sotolongo</u>, 227 So. 3d 717, 720-22 (Fla. 3d DCA 2017) (Luck, J., concurring) (discussing weakness of rationale for establishing irreparable harm in cases involving denial of deposition of material witness).

This is also not a situation in which newly discovered evidence or new developments necessitate a second deposition, as a review of the record reflects that the corporate representative did provide testimony during her initial deposition concerning the areas of inquiry on which Petitioners now seek a second deposition. Accordingly, we find no irreparable harm and dismiss the petition.

Dismissed.